## JOHN L. BEVERIDGE ET AL.
### V.
## JOHN W. PARMELEE.

*Sales—Mining Refusal—Conditional Payment—Bailments.*

1.   In an action brought to recover money paid as one-third payment in the purchase of a mining refusal, this court holds that the case was fairly left to the jury upon the question whether the money was paid under an agreement that it should be returned if other parties did not pay the balance, and that the judgment for the plaintiff can not be interfered with.

2.   Such being the agreement in a given case, defendants, in a suit based thereon, are personally responsible, especially where they acted for another who was a non-resident.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. HARBERT & DALEY, for appellants.

Messrs. TATHAM & WEBSTER, for appellee.

GARY, J.   This is an action to recover the money paid by the appellee to appellants, as shown by this receipt:

"CHICAGO, December 31, 1888.

"Received of J. W. Parmelee, $833.33, being one-third cash payment in the purchase of mining refusal No. 490 of S. E. ¼ N. W. ¼, 36—48—28.

$833.33.                                    "BRUNSON, MINER & HALL,
"Per Beveridge, Rickards & Co., Agts."

The whole price of the mining refusal was $2,500, the other two-thirds of which were to be paid by Raymond Brothers. They paid part, but not the whole of it.   There is testimony not objected to, though contradicted, that when Parmelee paid the money to Rickards, one of the appellants, it was agreed between them that if Raymond Brothers did not pay

their part, the money paid by Parmelee should be paid back to him. Whether such testimony was admissible is not made a question in the case. It was also proved that before this suit was commenced—but whether before appellants sent the money to Brunson, Miner & Hall, was disputed—Parmelee demanded the money of the appellants.

The instructions given and refused are too long to quote and discuss, but in effect the case was fairly left to the jury upon the question whether the appellants received from the appellee the money sued for, under an agreement that they would return it if the Raymond Brothers did not pay the balance of the $2,500. If that was the agreement the appellants are personally responsible. Mead & Coe v. Altgeld, 33 Ill. App. 373; 26 N. E. Rep. 388. More especially, as the appellants' principals resided out of this State.

There is no preponderance of evidence against the verdict, and the judgment must be affirmed.

*Judgment affirmed.*